1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN, | Case No.  1:22-cv-00600-ADA-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| GUTIERREZ, *et al.*, | (ECF Nos. 1, 12, 13) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

## I.      Background

Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 16, 2022, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant Gutierrez for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendants.  (ECF No. 12.)  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court.  (*Id.*)  On August 23, 2022, Plaintiff notified the Court of his willingness to proceed on the cognizable claim identified by the Court.  (ECF No. 13.)  Plaintiff notes that while he is willing to proceed on the claim against Defendant Gutierrez, he is not in agreement with the screening

1   order.  Plaintiff is informed that he is free to raise these objections in response to the instant

2   findings and recommendations.  Plaintiff also filed a motion for court order and notice to proceed

3   on cognizable claims, (ECF No. 14), which will be addressed by separate order.

4   **II.      Screening Requirement and Standard**

5         The Court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

8   or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

9   relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

10         A complaint must contain "a short and plain statement of the claim showing that the

11   pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

12   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

14   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

15   true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

16   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

17         To survive screening, Plaintiff's claims must be facially plausible, which requires

18   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

19   for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

20   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

21   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

22   standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

23         **A.      Allegations in Complaint**

24         Plaintiff is currently housed at the Madera County Jail.  The events in the complaint are

25   alleged to have occurred while Plaintiff was housed at Valley State Prison ("VSP") in

26   Chowchilla, California.  Plaintiff names the following defendants: (1) Jerardo Gutierrez,

27   Correctional Officer, VSP; (2) E. Guthery, Lieutenant, VSP; (3) A. Montoya, Lieutenant, VSP;

28   and (4) R. Chavez, Correctional Officer, VSP.

Plaintiff alleges as follows:

Claim I

On April 17, 2020, Defendant Correctional Officer Jerardo Gutierrez used excessive force on Plaintiff.  Gutierrez willfully, knowingly, and intentionally strangled Plaintiff with an illegal chokehold banned by law enforcement.  This chokehold was banned because it kills people. Defendant Gutierrez has now fabricated a story saying Plaintiff attacked him and Plaintiff is facing charges for battery on a peace officer.  Plaintiff never battered anyone.  Defendant Gutierrez attacked Plaintiff for no reason and is now trying to send Plaintiff back to prison for something Gutierrez did.  Defendant Gutierrez, Sergeant Darren Huckabay, and others are trying to set Plaintiff up and murder him.  Defendant Lieutenant E. Guthery planted and falsified evidence and covered up what really happened.  Defendant Guthery is also mainly responsible for the new charges and false arrest.

Plaintiff alleges that he suffered mental and physical trauma injuries to his throat area and constantly struggles to not be murdered by correctional officers.  Defendant Chavez also falsified documents.

Claim II

Correctional officers at VSP strangled, beat, starved, assaulted, sexually harassed, and tortured and terrorized Plaintiff.  They have conspired with other California Department of Corrections and Rehabilitation ("CDCR") employees to set Plaintiff up and murder him.  They have written false RVRs and false police reports.  They have sent these false police reports to the District Attorney of Madera County.  Upon reading these reports it is obvious they are false. Plaintiff and over a dozen witnesses are willing to testify about the beatings and above allegations.  These witnesses have signed 602 grievance forms, spoken at hearings, and told the Office of Internal Affairs.  It is a major cover up of these events and Plaintiff's life is in danger. CDCR employees are trying to kill Plaintiff.  Defendant A. Montoya did not stop the lies and abuse.

Plaintiff alleges he has sustained numerous injuries, including excessive weight loss, a broken shoulder, loss of freedom from credit loss, and constant threats and assassination attempts.

<u>Claim III</u>

Multiple CDCR employees have beaten Plaintiff and threatened him to try to silence him. The Madera County D.A. is bringing charges against Plaintiff based on false allegations by Defendant Gutierrez and others.  The Madera Sheriff's Department is withholding Plaintiff's court documents, evidence of CDCR employees' crimes against Plaintiff, and evidence of Plaintiff's innocence.  VSP employees have been working in concert with other correctional officers to harass and intimidate and abuse Plaintiff.  Plaintiff is being set up for crimes he did not commit.  CDCR employees are trying to murder Plaintiff.  Plaintiff wants state and federal Justice Department investigations of CDCR, VSP, Internal Affairs, Kern Valley State Prison, and ISU.

Plaintiff alleges he has suffered threats, physical violence, torture, terrorism, and cover ups by other CDCR staff and employees.

<u>Request for Relief</u>

Plaintiff seeks 100 million dollars in damages, U.S. Attorney assistance, FBI protection, state and federal Justice Department investigations, a court order for Plaintiff's CDCR central file, a court order for Plaintiff's legal documents and court papers seized from Plaintiff by the Madera County Department of Corrections, the firing and arrest of those involved, and a jury trial.

**B.     Discussion**

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

///

4

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief.  Plaintiff's allegations are conclusory and aside from the April 17, 2020 incident involving Defendant Gutierrez, do not state what happened, when it happened, or which defendant was involved.  General assertions regarding Plaintiff's fears that certain CDCR employees are trying to set up or murder Plaintiff are not sufficient, and Plaintiff may not merely state the elements of a cause of action without providing any factual allegations in support of his claims.

### 2.     Supervisory Liability

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc).  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

### 3.     Linkage

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

5

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to adequately link many of the claims in his complaint to any named defendants.  Plaintiff may not simply claim that he suffered threats, physical violence, torture, terrorism and cover ups by unnamed CDCR staff and employees without specifying which individual defendant took which action against him.

### 4.      Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).  The "same transaction" requirement refers to similarity in the factual background of a claim.  *Id.* at 1349.  Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim related to the use of an illegal chokehold against one defendant while simultaneously asserting claims regarding being beaten, starved, assaulted, sexually harassed, or tortured by other defendants.  Plaintiff also may not bring unrelated claims against defendants at different institutions.  Unrelated claims involving multiple defendants belong in different suits.

///

1          **5.      Prosecutorial Immunity**

2          "Prosecutorial immunity applies to § 1983 claims.  State prosecutors are absolutely

3    immune from § 1983 actions when performing functions 'intimately associated with the judicial

4    phase of the criminal process,' or, phrased differently, 'when performing the traditional functions

5    of an advocate.'"  *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842 (citations omitted).  This

6    immunity extends to actions during both the pre-trial and post-trial phases of a case.  *See Demery*

7    *v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984).  "Prosecutorial immunity only protects …

8    defendants from section 1983 damage claims; it does not protect [prosecutors] from suits for

9    injunctive relief."  *Gobel v. Maricopa Cnty.*, 867 F.2d 1201, 1203 n.6 (9th Cir. 1989).

10          Although Plaintiff does not name the Madera County District Attorney as a defendant,

11   Plaintiff alleges that the Madera County D.A. is bringing charges against him based on false

12   allegations.  However, the law is clear that "a prosecutor enjoys absolute immunity from a suit

13   alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed

14   material evidence at trial."  *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005).  To the

15   extent Plaintiff seeks to hold the Madera County D.A. liable for performing functions "'intimately

16   associated with the judicial phase of the criminal process[,]'" the Madera County D.A. is

17   absolutely immune from Plaintiff's § 1983 action.

18          **6.      Criminal Prosecution**

19          Based on Plaintiff's request for U.S. Attorney assistance and for the arrest of Defendants,

20   it appears Plaintiff seeks referral of Defendants for criminal prosecution.  However, as a private

21   citizen, Plaintiff has no authority to criminally prosecute anyone.  *Ray, Jr. v. Friedlander*, No. C

22   10-1107 SI (pr), 2010 WL 3464453, at *1 (N.D. Cal. Sept. 1, 2010) (citing *Peabody v. United*

23   *States*, 394 F.2d 175, 177 (9th Cir. 1968)).  Further, Plaintiff has no constitutional right to have

24   another person criminally prosecuted.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a

25   private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of

26   another"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a

27   particular crime is within the authority of the state, and there appears to be no federal

28   constitutional right to have criminal wrongdoers brought to justice.").  The complaint is legally

                                                                7

1   frivolous insofar as it attempts to initiate a criminal prosecution of the Defendants.

2   **7.    Eighth Amendment**

3   The Eighth Amendment protects prisoners from inhumane methods of punishment and

4   from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

5   2006).  The unnecessary and wanton infliction of pain violates the Cruel and Unusual

6   Punishments Clause of the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)

7   (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must

8   provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

9   *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

10   a.    Excessive Use of Force

11   For claims of excessive physical force, the issue is "whether force was applied in a good-

12   faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

13   *Hudson*, 503 U.S. at 7.  Relevant factors for this consideration include "the extent of injury . . . [,]

14   the need for application of force, the relationship between that need and the amount of force used,

15   the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the

16   severity of a forceful response.'"  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)).

17   Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use

18   of force to cause harm always violates the Eighth Amendment, regardless of whether or not

19   significant injury is evident.  *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th

20   Cir. 2002).

21   To the extent Plaintiff alleges that he was strangled, beaten, starved, assaulted, sexually

22   harassed, tortured, or terrorized by other unspecified CDCR staff on other dates, these allegations

23   are conclusory and do not state a cognizable claim for relief.

24   At the pleading stage, Plaintiff states a cognizable claim for excessive force against

25   Defendant Gutierrez based on the allegation that on April 17, 2020, Defendant Gutierrez

26   strangled Plaintiff with an illegal chokehold banned by law enforcement because it kills people,

27   and that Defendant Gutierrez attacked Plaintiff for no reason.

28   ///

8

b.      Failure to Intervene

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 832–33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff alleges that Defendant Montoya did not stop the lies and abuse of other CDCR employees who were trying to kill Plaintiff. These conclusory allegations are not sufficient to state a claim against Defendant Montoya for a failure to intervene.

**8.      False Accusations**

The creation of false evidence, standing alone, is not actionable under § 1983. *See Hernandez v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Moreover, "plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendant[ ] issued a false rule violation against plaintiff." *Jones v. Prater*, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2 (E.D. Cal. Jun. 1, 2012); *see also Youngs v. Barretto*, No. 2:16-cv-0276 JAM AC P, 2018 WL 2198707, at *3 (E.D. Cal. May 14, 2019) (noting that issuance of false rules violation report does not rise to the level of cruel and unusual punishment) (citations omitted).

Plaintiff alleges that Defendant Gutierrez attacked Plaintiff for no reason, and then fabricated a story saying Plaintiff attacked him. Plaintiff further alleges that Defendant Guthery planted and falsified evidence and is responsible for the new charges and false arrest, and Defendant Chavez also falsified documents. Plaintiff fails to state a claim against these defendants for the creation of false documents or the bringing of false charges.

However, to the extent Plaintiff alleges his criminal case is based on false charges, individuals have a constitutional due process right "not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*,

263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc).  To establish such a due process violation, a plaintiff must, at a minimum, allege either: (1) that government officials continued their investigation "despite the fact that they knew or should have known that [Plaintiff] was innocent;" or (2) "used investigative techniques that were so coercive and abusive that [they] knew or should have known those techniques would yield false information." *Cunningham v. Perez*, 345 F.3d 802, 811 (9th Cir. 2003) (quoting Devereaux, 263 F.3d at 1076).  Plaintiff has not described how any prosecutor knowingly used false information in pursuing criminal claims.  It appears his criminal case is still ongoing.  Plaintiff's bare conclusory allegations are not sufficient to establish a claim.

Although not entirely clear, Plaintiff may be attempting to challenge ongoing criminal proceedings in Madera County.  However, any such claim is barred under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).  The *Younger* doctrine "prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court." *Jones v. Buckman*, No. 2:18-cv-0054-EFB P, 2019 WL 1227921, at *2 (E.D. Cal. Mar. 15, 2019). "Further, the *Younger* abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution." *Id.*, citing *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

### 9.	First Amendment – Access to Courts

Inmates have a fundamental constitutional right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Id.* at 354.  In order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury.  *Id.* at 349.  "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." *Id.* at 348; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quoting *Lewis*, 518 U.S. at 353 & n.3); *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011).

Plaintiff alleges that the Madera Sheriff's Department is withholding his court documents and requests a court order for the return of his legal documents and court papers from the Madera

10

1    County Department of Corrections.  Plaintiff further alleges that these documents constitute

2    evidence of his innocence, apparently in a pending or past criminal proceeding.  However,

3    Plaintiff has not named the Madera Sheriff's Department, Madera County Department of

4    Corrections, or any employee of the Madera County Sheriff's Department or Department of

5    Corrections as a defendant in this lawsuit.  As pled, Plaintiff fails to state a cognizable claim for

6    relief regarding the seizure of his court documents.

7                    **10.    Challenge to Plaintiff's Criminal Prosecution**

8              It is not clear whether Plaintiff is challenging an ongoing criminal prosecution related to

9    the allegations in this complaint, or whether he has already been convicted of the charges at issue.

10   If Plaintiff is challenging a conviction, this action may be barred by *Heck v. Humphrey*.

11             In *Heck v. Humphrey*, the United States Supreme Court held that a section 1983 claim

12   cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity

13   of his conviction or sentence."  *Heck*, 512 U.S. at 486-87.  Accordingly, "a state prisoner's

14   [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages

15   or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction

16   or internal prison proceedings)—if success in that action would necessarily demonstrate the

17   invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81–2 (2005).

18             Thus, to proceed with a cognizable claim, Plaintiff would have to either plead and

19   demonstrate that his conviction had been overturned or demonstrate that the *Heck* bar does not

20   apply here.  *See, e.g.*, *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc) (finding that a

21   prisoner's claim that, even if successful, would not necessarily lead to immediate or speedier

22   release fell outside the "core of habeas corpus" and section 1983 was the proper vehicle).

23             Plaintiff has not clarified whether his criminal prosecution is ongoing or whether he has

24   already been convicted for an offense related to the allegations in the conviction and had that

25   conviction overturned.  At this time, the Court will permit the cognizable claim to proceed, but

26   these findings and recommendations do not foreclose the filing of a later motion to dismiss

27   arguing that this case is barred by *Heck v. Humphrey*.

28   ///

                                                  11

### 11.     First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Adverse action taken against a prisoner "need not be an independent constitutional violation.  The mere threat of harm can be an adverse action."  *Watison*, 668 F.3d at 1114 (internal citations omitted).  A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred.  *Id.*  The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities.  *Rhodes*, 408 F.3d at 567–68.  The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal."  *Watison*, 668 F.3d at 1114.  A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution."  *Id.*

Plaintiff alleges that multiple CDCR employees have beaten and threatened him to try to silence him.  However, Plaintiff does not allege whether these beatings or threats were "because of" any First Amendment conduct, or that these actions chilled the exercise of Plaintiff's First Amendment rights.  Further, Plaintiff does not link any defendant to these allegations.

///

///

### III.   Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff states a cognizable claim against Defendant Gutierrez for excessive force in violation of the Eighth Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed May 20, 2022, (ECF No. 1), against Defendant Gutierrez for excessive force in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __August 24, 2022__          ___/s/ Barbara A. McAuliffe___
                                                        UNITED STATES MAGISTRATE JUDGE

13