# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GUTIERREZ, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00600-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR COURT ORDER<br><br>(ECF No. 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　　Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983.

　　　　On August 16, 2022, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant Gutierrez for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendants.  (ECF No. 12.)  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court.  (*Id.*)  On August 23, 2022, Plaintiff notified the Court of his willingness to proceed on the cognizable claim identified by the Court.  (ECF No. 13.)  Plaintiff also filed a motion for court order and notice to proceed on cognizable claims, which the Court construes as a motion for preliminary injunction.  (ECF No. 14.)

　　　　In his motion, Plaintiff alleges that the Madera County Department of Corrections and Madera County Sheriffs have opened, read, stolen, not sent out, not signed, tampered with, and interfered with Plaintiff's legal mail, court papers, evidence, court documents, and legal paperwork.  (ECF No. 14.)  Plaintiff states that the instant filing is to make certain the Court has notice that Plaintiff will pursue a lawsuit against Defendant Jerardo Gutierrez and to seek a court

order for the Sheriffs of Madera to return Plaintiff's legal documents, court papers, and legal paperwork illegally seized from Plaintiff.  Plaintiff alleges that these documents are material, relevant, and exculpatory evidence to this lawsuit and Plaintiff's criminal cases.  (*Id.*)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's

complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Although the Court has screened Plaintiff's complaint and found that it states a cognizable claim against Defendant Gutierrez, this does not mean that Plaintiff has shown a likelihood of success on the merits.

In addition, no defendant has been ordered served, and no defendant has yet made an appearance.  Thus, the Court at this time lacks personal jurisdiction over Defendant Gutierrez, who is a Correctional Officer at CDCR and apparently has no involvement in the alleged interference with Plaintiff's legal mail and paperwork, or over any staff employed by the Madera County Department of Corrections or Madera County Sheriff's Office who may have seized Plaintiff's paperwork.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for court order, construed as a motion for preliminary injunction, (ECF No. 14), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 25, 2022**                    /s/ *Barbara A. McAuliffe*  _
                                                              UNITED STATES MAGISTRATE JUDGE

3