# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GUTIERREZ, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00600-ADA-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY CIVIL ACTION PENDING RESOLUTION OF STATE CRIMINAL PROCEEDING AGAINST PLAINTIFF<br><br>(ECF No. 31)<br><br>ORDER DIRECTING DEFENDANT TO FILE STATUS REPORTS REGARDING CRIMINAL PROCEEDINGS<br><br>**THIRTY (30) DAY DEADLINE** |

**I.   Introduction**

Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Gutierrez ("Defendant") for excessive force in violation of the Eighth Amendment.

Currently before the Court is Defendant's motion to stay civil action pending resolution of state criminal proceeding against Plaintiff, together with a request for judicial notice and a notice of pendency of other action or proceeding, filed March 2, 2023. (ECF Nos. 31, 32.) Defendant moves to stay this civil action until after the conclusion of a parallel criminal proceeding against Plaintiff brought by the Madera County District Attorney's Office. Defendant argues that the criminal case, *People v. Jared Martin*, Case No. MCR071794, which is being heard in the Madera County Superior Court, is a criminal prosecution arising from the same April 17, 2020 incident upon which the instant civil action is based. If Plaintiff is criminally convicted in the

1 parallel criminal matter, his claim in this action may be barred by *Heck v. Humphrey*, 512, U.S.
2 477 (1994), *Younger* abstention supports a stay to avoid disruption of the pending state court
3 criminal proceeding, and staying the case promotes judicial economy and prevents inconsistent
4 rulings.  Defendant therefore requests that the Court stay the instant matter until the criminal
5 proceedings against Plaintiff are resolved.  (*Id.*)

6 Plaintiff did not file an opposition, and the deadline to do so has expired.  The motion is
7 deemed submitted.  Local Rule 230(l).

8 **II.      Discussion**

9      **A.      Request for Judicial Notice**

10 Defendant requests that the Court take judicial notice of the following documents:
11 (1) Madera County Superior Court docket for Case No. MCR071794; and (2) Complaint filed in
12 Madera County Superior Court in Case No. MCR071794 by the Madera County District
13 Attorney's Office against Plaintiff.  (ECF No. 31-2, Exhs. A–B.)

14 Federal Rule of Evidence 201 permits the Court to take judicial notice at any time.  A
15 judicially noticed fact must be one not subject to reasonable dispute in that it is either:
16 (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate
17 and ready determination by resort to sources who accuracy reasonably cannot be questioned.
18 Fed. R. Evid. 201(b).  Courts may take judicial notice of facts related to the case before it.
19 *Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361–62 (10th Cir. 2008) (district court
20 was entitled to take judicial notice of its memorandum of order and judgment from previous case
21 involving same parties).  This Court may judicially notice the records and filing of other court
22 proceedings.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bennett v.*
23 *Medtronic, Inc.*, 285 F.3d 801, 802 n.2 (9th Cir. 2002).  In addition, a court may take judicial
24 notice of undisputed matters of public record, including papers filed with the court and the
25 records of state agencies and administrative bodies.  *Disabled Rights Action Comm. v. Las Vegas*
26 *Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); *Lundquist v. Cont'l Cas. Co.*, 394 F. Supp. 2d
27 1230, 1242–42 (C.D. Cal. 2005) (stating that court may take judicial notice of records and reports
28 of administrative bodies).

Because the Court may take judicial notice of public records, including duly recorded documents under Rule 201(b)(2), Defendant's request to take judicial notice of the above-mentioned documents is granted.

### B. Motion to Stay

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any stay against the strength of the justification given for it." *Id.*

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Id.* "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem[ ] to require such action.' " *Id.* (citations omitted).

#### 1. Same Nucleus of Facts

When a civil plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *see also Fed. Saving & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings. *Keating*, 45

F.3d at 324 (citing *Molinaro*, 889 F.2d at 902).  Courts also consider (1) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay; (2) the convenience of the court and the efficient use of judicial resources; (3) the interests of third parties; and (4) the interests of the public.  *Keating*, 45 F.3d at 324–25.

Here, the civil rights action implicates Plaintiff's Fifth Amendment rights.  The facts and circumstances underlying Plaintiff's criminal prosecution for Battery On Non-Confined Person By Prisoner, of Correctional Officer J. Gutierrez, while confined in California State Prison, substantially overlaps with the excessive force claim at issue in this case.  Both cases involve the April 17, 2020 incident between Plaintiff and Defendant Gutierrez and will involve substantially all of the same parties and witnesses.  Thus, if this case proceeds, Defendant will seek discovery from Plaintiff, and he will be required to respond under oath.  The discovery will involve Plaintiff's alleged misconduct on April 17, 2020.  Thus, there exists a substantial risk of prejudice to Plaintiff's Fifth Amendment rights.  Furthermore, if Plaintiff invokes his Fifth Amendment rights it may impede Defendant's discovery.  *Jones v. Conte*, No. C045312S1, 2005 WL 1287017, at *1 (N.D. Apr. 19, 2005) (finding that a stay of the civil case involving defendant in criminal action was appropriate "because [i]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case.") (internal quotations and citation omitted).

Likewise, the other *Keating* factors also support a stay.  Any prejudice to Plaintiff is minimal given that both proceedings involve the similar facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with passage of time.  *McCormick v. Rexroth*, No. C 09-4188 JT, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010).  In addition, the public interest weighs in favor of a stay because "[t]he public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases."  *Douglas v. United States*, No. C 03-4518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006).

Furthermore, if a stay is not granted, the defenses available may be limited.  If the court in the criminal action considers Plaintiff's factual allegations regarding the April 17, 2020 incident,

such findings may be binding in this Court. Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as, a *Heck* bar or issue preclusion. *See Wallace*, 549 U.S. at 393–94 (noting that the question of whether a section 1983 action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, a stay may be appropriate until such time as the underlying criminal proceedings are conducted. "If the plaintiff is ultimately convicted, and if the stayed civil action would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.") (citation omitted); *see also Vivas v. Cty. of Riverside*, No. EDCV 15-1912-VAP (DTBx), 2016 WL 9001020, at *3 (C.D. Cal. Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest was pending).

Judicial efficiency also favors imposition of a stay because Plaintiff's criminal action involves many of the same facts. Accordingly, the Court will stay this action until Plaintiff's criminal charges have been resolved.

### 2. *Younger* Abstention

Absent extraordinary circumstances, federal courts may not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–54 (1971); *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77 (2013). A court may consider *sua sponte* whether *Younger* abstention should be invoked at any point in the litigation. *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Abstention is proper regardless of whether the applicant seeks declaratory relief, injunctive relief, or damages. *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) ("When a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action" as well as a section 1983 action for declaratory relief and damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (*Younger* abstention applies to actions for damages as it does to declaratory and injunctive relief).

A court may apply a stay under *Younger* when: "(1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings

provide an adequate opportunity to raise the constitutional claims." *Escobar v. LASD Male Doe*, No. CV-17-7352-DSF (SP), 2017 WL 7050642, at *2 (C.D. Cal. Nov. 30, 2017) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)).

Even if a stay is not warranted under the former analysis, a stay is warranted under *Younger*.

Here, Plaintiff's criminal case is ongoing and implicates the State of California's important interest in ensuring the integrity of its criminal justice system. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Indeed, Plaintiff may raise constitutional issues in the state proceedings. *See Pennzoil Co. v. Texaco*, 481 U.S. 1, 15 (1987) ("a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). In addition, Plaintiff is seeking damages in this civil action. Accordingly, it is clear that principles of judicial comity authorize the Court to stay this action until Plaintiff's criminal proceedings have concluded.

**III.   Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Defendant's motion to stay civil action, (ECF No. 31), is GRANTED;
2. The instant action is STAYED pending resolution of Plaintiff's criminal case; and
3. Defendant shall file a status report within **thirty (30) days** from the date of service of this order, and every **ninety (90) days** thereafter, addressing the status of the criminal proceedings until they are resolved.

IT IS SO ORDERED.

Dated:   **April 10, 2023**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE

6