# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>         Plaintiff,<br><br>    v.<br><br>GUTIERREZ, *et al.*,<br><br>         Defendants. | Case No.  1:22-cv-00600-ADA-BAM (PC)<br><br>ORDER RELIEVING DEFENDANT OF OBLIGATION TO FILE FURTHER STATUS REPORTS<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendant Gutierrez for excessive force in violation of the Eighth Amendment.

On April 10, 2023, the Court granted Defendant's motion to stay this civil action pending resolution of a state criminal proceeding against Plaintiff, and directing Defendant to file a status report in thirty days and every ninety days thereafter.  (ECF No. 33.)  On April 24, 2023, the Court's order staying the case was returned as "Undeliverable, Not in Custody."  Plaintiff's notice of change of address was therefore due on or before June 26, 2023.  Local Rule 183(b).

On May 10, 2023, Defendant filed a status report indicating that Plaintiff's criminal

proceedings were currently pending appeal in the Fifth District of the California Court of Appeal. (ECF No. 34.)  The status report was served on Plaintiff at the same address indicating on the Court's docket, and no other information regarding Plaintiff's custody status was provided.

Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.  The Court further notes that Defendant's second status report was due August 8, 2023.  Although none was filed, in light of Plaintiff's failure to update his address, the Court finds it appropriate to relieve Defendant of the obligation to file further status reports unless so ordered by the Court.

**II.     Discussion**

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

Plaintiff's address change was due no later than June 26, 2023.  Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court.  "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in

---

[1] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to update his address or communicate with the Court, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address. *Id.* at 1228–29; *Carey*, 856 F.2d at 1441. The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III.     Conclusion and Recommendation

Accordingly, it is HEREBY ORDERED that Defendant is relieved of the obligation to file further status reports until further order of the Court.

Furthermore, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 11, 2023**            /s/ Barbara A. McAuliffe            
                                                          UNITED STATES MAGISTRATE JUDGE